IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs at Knoxville April 27, 2021

**STATE OF TENNESSEE v. KEVIN MCDOUGLE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 06-04209, 06-04208   W. Mark Ward, Judge**

_____

**No. W2020-00376-CCA-R3-CD**

_____

The Appellant, Kevin McDougle, appeals the Shelby County Criminal Court's summary denial of his pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  On appeal, the Appellant contends that we should remand the case for the appointment of counsel and an evidentiary hearing because his motion states a colorable claim.  Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Kevin McDougle, pro se, Wartburg, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

This case relates to the Appellant's filing a fourth motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  On October 20, 2005, the Appellant held several people at gunpoint while he robbed a grocery store.  See State v. Kevin McDougle, No. W2009-01648-CCA-R3-CD, 2010 WL 2490752, at *1 (Tenn. Crim. App. at Jackson, June 11, 2010).  Five days later, he robbed a taxicab driver.  See State v. Kevin McDougle, No. W2007-01877-CCA-R3-CD, 2010 WL 2219591, at *1 (Tenn. Crim. App. at Jackson, May 24, 2010).  The Appellant was tried first for the taxicab

robbery, and a Shelby County Criminal Court Jury convicted him in case number 06-04209 of two counts of aggravated robbery, a Class B felony, and one count of aggravated assault, a Class C felony, and in case number 07-01739 of one count of unlawful possession of a handgun by a convicted felon, a Class E felony.[1] On May 18, 2007, the trial court sentenced him as a Range I, standard offender to consecutive sentences of twelve years for each aggravated robbery, six years for aggravated assault, and two years for unlawful possession of a handgun for an effective sentence of thirty-two years. The Appellant then went to trial for the grocery store robbery, and a Shelby County Criminal Court Jury convicted him in case number 06-04208 of one count of aggravated robbery and two counts of aggravated assault. On July 17, 2009, the trial court sentenced him as a Range I, standard offender to consecutive sentences of twelve years for aggravated robbery and six years for each aggravated assault for an effective sentence of twenty-four years. The trial court ordered that he serve the effective twenty-four-year sentence consecutive to the effective thirty-two-year sentence for a total effective sentence of fifty-six years.

On direct appeal, this court affirmed the Appellant's convictions and the trial court's imposition of consecutive sentencing. Kevin McDougle, No. W2009-01648-CCA-R3-CD, 2010 WL 2490752, at *1 (affirming convictions and consecutive sentencing in case number 06-04208); Kevin McDougle, No. W2007-01877-CCA-R3-CD, 2010 WL 2219591, at *1 (affirming convictions and consecutive sentencing in case numbers 06-04209 and 07-01739). The Appellant filed a petition for post-conviction relief in which he claimed that he received the ineffective assistance of counsel during both of his trials and on direct appeal of his convictions. Kevin McDougle v. State, No. W2011-01430-CCA-R3-PC, 2012 WL 12932002, at *7 (Tenn. Crim. App. at Jackson, June 27, 2012), perm. app. denied, (Tenn. Nov. 21, 2012). The post-conviction court denied relief, and this court affirmed the judgment of the post-conviction court. Id. at *11.

The record reflects that the Appellant filed motions to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 on April 18, 2018; April 25, 2019; and September 9, 2019.[2] The trial court summarily denied each motion. The Appellant only appealed the trial court's denial of his first motion to this court, asserting, in part, that his effective fifty-six-year sentence was illegal because the trial court erred by imposing consecutive sentencing and because the trial court did not have authority to impose Range II sentencing. State v. Kevin McDougle, No. W2018-00996-CCA-R3-CD, 2019 WL 1409329, at *1 (Tenn. Crim. App. at Jackson, Mar. 27, 2019), perm. app. denied, (Tenn. July 18, 2019). However, this court did not address the motion on its merits because the Appellant failed to satisfy the procedural requirements of Rule 36.1 by not attaching copies

[1] Case numbers 06-04209 and 07-01739 were consolidated at trial. State v. Kevin McDougle, No. W2018-00996-CCA-R3-CD, 2019 WL 1409329, at *1 n.1 (Tenn. Crim. App. at Jackson, Mar. 27, 2019).
[2] The September 9, 2019 motion is not in the appellate record.

of the judgments for his seven convictions to the motion. Id. at \*2 (citing Tenn. R. Crim. P. 36.1(a)(1)). This court noted, though, that this court previously upheld the Appellant's sentences, including the trial court's imposition of consecutive sentencing, on direct appeal of the Appellant's convictions. Id. (citing Kevin McDougle, No. W2007-01877-CCA-R3-CD, 2010 WL 2219591, at \*7-10, and Kevin McDougle, No. W2009-01648-CCA-R3-CD, 2010 WL 2490752, at \*4).

On March 23, 2020, the Appellant filed his fourth Rule 36.1 motion. In the motion, the Appellant claimed that his sentences in case numbers 06-04208, 06-04209, and 07-01739 were illegal because he was on bail for the grocery store robbery when he committed the taxicab robbery and because the trial court "ran" the sentences concurrently when the trial court was required to order consecutive sentencing. The Appellant also claimed that "range one applicable statutes does not authorize multiple offender sentence." On June 16, 2020, the trial court entered an order summarily denying the motion. In the order, the trial court stated that "these are the same allegations he raised in his previous Rule 36.1 motions. However, the record is clear that the defendant received consecutive range one sentences on all of his cases. . . . The judgment sheets of this Court clearly show that his allegations are simply untrue."

## II. Analysis

On appeal, the Appellant asserts that the trial court erred by summarily denying his Rule 36.1 motion for failing to state a colorable claim and that we should remand the case for the appointment of counsel and an evidentiary hearing. We disagree with the Appellant.

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light

- 3 -

most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

In the Appellant's most recent Rule 36.1 motion, he argued that the trial court was required to order that he serve the sentences in case number 06-04209 consecutive to the sentences in case number 06-04208 because he was on bail for the offenses in case number 06-04208 when he committed the offenses in 06-04209. The Appellant also argued that the trial court improperly sentenced him as a multiple offender. Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandates consecutive sentencing when a defendant commits a felony while on bail for a felony and is convicted of both offenses. See also Tenn. Code Ann. § 40-20-111(b) (mandating consecutive sentencing when a defendant commits a felony while on bail for a felony and is convicted of both offenses). However, as the trial court found, the judgments of conviction in case numbers 06-04208 and 06-04209 clearly reflect that the trial court ordered that the Appellant serve the sentences in the two cases consecutively. We note that "Rule 32 does not require a specific order of sentences when a defendant commits an offense while on bond for a previous offense, only that there be consecutive service of the two sentences." William Fisher v. Lester, No. M2012-00306-CCA-R3-HC, 2012 WL 4478776, at *3 (Tenn. Crim. App. at Nashville, Sept. 28, 2012) (citing State v. Blanton, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996)). Moreover, the judgments clearly reflect that the trial court sentenced the Appellant in both cases as a Range I, standard offender. Thus, the trial court properly denied the motion without a hearing or the appointment of counsel.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's summary denial of the Appellant's Rule 36.1 motion to correct an illegal sentence.


_____
NORMA MCGEE OGLE, JUDGE